IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| ELBERT HURST and<br>ALICE HURST,<br><br>          **Plaintiffs,**<br>     v.<br><br>BOSTON PLACE PROPERTY, LLC,<br>and<br>JOHN/JANE DOE, Administrator or<br>Executor of the Estate of Johnny Nolan<br><br>          **Defendants.** | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CASE NO:<br>7:24-cv-55–WLS |

## ORDER

On September 11, 2024, the Court entered an Order (Doc. 10) ("Discovery and Scheduling Order") setting discovery and related deadlines in this matter. The Discovery and Scheduling Order set a deadline of November 11, 2024, for motions to join another party or amend pleadings. As of the date of this Order, the Plaintiffs have not filed proof of service as to Defendant John/Jane Doe, Administrator or Executor of the Estate of Johnny Nolan. Nor have Plaintiffs substituted a party in place of John/Jane Doe, dismissed the action as to John/Jane Doe, or requested an extension of time within which to identify and serve John/Jane Doe.[1] Pursuant to the Federal Rules of Civil Procedure:

> (1) **Designation in General**. An action must be prosecuted in the name of the real party in interest. . . .
>
> . . . .
>
> (3) **Joinder of the Real Party in Interest**. The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. . . .

---

[1] The Parties' recent Joint Motion for Entry of Amended Scheduling Order (Doc. 16) does not request an extension with respect to motions to join or otherwise address the issue of identifying and serving John/Jane Doe.

Fed. R. Civ. P. 17. In addition to failing to substitute a real party in interest and presumably because such real party has not been substituted, the Plaintiffs have also failed to issue a summons or to timely serve Defendant John/Jane Doe. Pursuant to the Federal Rules of Civil Procedure, Plaintiffs had ninety days after the complaint was filed within which to serve a defendant, after which "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

To prevent delay in the prosecution of this case due to Plaintiffs' failure to identify and serve Defendant John/Jane Doe, it is hereby **ORDERED** that on or before **Tuesday, April 8, 2025**, Plaintiffs shall file such motion(s) as they deem appropriate to identify and continue this action as to John/Jane Doe or shall show cause as to why this action should not be dismissed as against John/Jane Doe for failure to identify and timely serve such party.

**SO ORDERED**, this 10th day of February 2025.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

2